UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JABBAR COLLINS,

                 Plaintiff,

                 MEMORANDUM & ORDER
v.                 06-CV-5179 (NGG)

WILLIAM MILLER, individually, and as
Supervising Judge of the Brooklyn Criminal Court;
JUDICIAL HEARING OFFICER BRANCH,
individually and as Judicial Hearing Officer for the
Brooklyn Criminal Court; and JUDICIAL
HEARING OFFICER MATTHEWS, individually,
and as Judicial Hearing Officer for the Brooklyn
Criminal Court,

                 Defendants.
-------------------------------------------------------------X
GARAUFIS, United States District Judge.

Plaintiff Jabbar Collins ("Plaintiff" or "Collins") brings this suit, pro se, pursuant to 42 U.S.C. § 1983, alleging that Defendants Judge William Miller ("Judge Miller"), Judicial Hearing Officer Bianchi ("JHO Bianchi")[1], and Judicial Hearing Officer Matthews ("JHO Matthews") (collectively "Defendants") violated Plaintiff's rights by conducting sealed proceedings in their chambers. Before this court is Defendants' motion to dismiss for failure to state a claim. For the reasons stated below, Defendants' motion is GRANTED.

## I. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim brought pursuant to Fed R.

---

[1] According to documents annexed to the complaint and other relevant court documents, the judicial hearing officer referred to as "Branch" in Plaintiff's pleadings is, in fact, JHO Bianchi.

Civ. P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). The complaint may be dismissed only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hoover v. Ronwin, 466 U.S. 558, 587 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In deciding such a motion, the "issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (internal quotations omitted).

Furthermore, the Second Circuit has held that the standard on a motion to dismiss is even more stringent on civil rights cases. See Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991). Nevertheless, even civil rights claims may be dismissed if they fail to state a claim. See Martin v. New York State Dep't of Mental Hygiene, 588 F.2d 371, 372 (2d Cir. 1978).

Because Plaintiff is proceeding pro se, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

## II. ANALYSIS

Plaintiff alleges four causes of action against Defendants for actions they took in their official capacity as judge and JHO in the case of People v. Angel Santos, Criminal Court Docket

# 95K669679.[2] Specifically, Plaintiff alleges that Defendants: (1) conducted court proceedings in Santos "in chambers as opposed to open court"; (2) "fail[ed] to give the public prior notice that those proceeding would be conducted in chambers"; (3) "fail[ed] to call the Santos case in open court"; and, (4) "fail[ed] to have the Santos docket sheet reflect that the . . . proceedings were conducted in chambers." (Complaint at ¶ 49). As a result, Plaintiff alleges that he was denied his First Amendment rights to: (1) have "access to plea, hearing, court and sentencing proceedings"; (2) "inspect and copy . . . historically accurate judicial records"; and, (3) "know which public officials used their offices to impact a defendant's sentence" or to "excuse a defendant's criminal conduct." (Id. at ¶¶ 49, 51, 53.) In addition, he claims that Defendants' actions violated Plaintiff's "New York common law right . . . to inspect and copy judicial records" and to "know which public officials used their offices to impact a defendant's sentence." (Id. at ¶ 55.)

All of Plaintiff's claims arise from actions taken by Defendants in their official capacities as judge and JHO. Judges, however, have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994).[3] This absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority."

---

[2] Angel Santos had testified against Collins in a criminal case which culminated in Collins's conviction. (Complaint at ¶ 14.)

[3] Judicial hearing officers are considered judges for the purposes of this inquiry and are similarly entitled to absolute immunity. See Mahapatra v. Comstock, 97-7129, 1998 U.S. App. LEXIS 3156, at *2-4 (2d Cir. February 26, 1998).

Mireles, 502 U.S. at 11 (quotation omitted). Plaintiff's claims are therefore barred by absolute immunity.

In addition, the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), Section 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983); Huminski v. Corsones, 396 F.3d 53, 54 (2d Cir. 2004); Bliven v. Hunt, 418 F. Supp. 2d 135, 139 (E.D.N.Y. 2005). As the alleged wrongdoings of Judge Miller, JHO Bianchi, and JHO Matthews were acts performed in their judicial capacity during Santos's state criminal proceedings, Plaintiff's claims are foreclosed by judicial immunity. Defendants' motion to dismiss is therefore GRANTED.

SO ORDERED.

Dated: September 26, 2007
Brooklyn, N.Y.

/signed/

Nicholas G. Garaufis
United States District Judge